**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HENRY D. MCKNIGHT, JR.,**

      **Plaintiff,**

      v.                                                                                               CASE NO. 17-3156-SAC

**(FNU) GOODMAN, and**
**(FNU) UHLRIG,**

      **Defendants.**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff Henry D. McKnight, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is a pretrial detainee housed at the Shawnee County Jail in Topeka, Kansas.  Plaintiff alleges the following in his Complaint.  On December 24, 2016, at around 4:00 am, Defendants Goodman and Uhlrig, officers with the Topeka Police Department, drove up and observed Plaintiff sleeping outside the front door of Paisano's Restaurant in Topeka, Kansas.  Before exiting their cars, the officers left to respond to another call.  Plaintiff alleges that they returned at 4:29 am, woke Plaintiff and illegally searched and frisked him in violation of his Fourth Amendment rights.  In his request for relief, Plaintiff seeks to have his criminal case dismissed and monetary damages between "a billion to a million and a half dollars for every day [he's] spent in jail."  (Doc. 1, at 5.)

1

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The claims in Plaintiff's Complaint were the subject of a Motion to Suppress in Plaintiff's criminal case. *See United States v. McKnight*, Case No. 17-cr-40020-DDC-1, Doc. 15 (D. Kan.).

After an evidentiary hearing, the Court entered a Memorandum and Order (Doc. 32) denying the Motion to Suppress.  The Court found that the search and seizure did not violate the Fourth Amendment.  *Id*. at Doc. 32.  The docket in Plaintiff's criminal case reflects that he pleaded guilty in that case on January 11, 2018.  *See* Docs 45, 46.

The Court's ruling on the motion to suppress may require the application of collateral estoppel upon final adjudication.  "Collateral estoppel, or issue preclusion, is available in actions under § 1983."  *Williams v. Henderson*, 626 F. App'x 761, 763 (10th Cir. 2015) (unpublished) (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).  "The doctrine applies when (1) the issue previously decided is identical with the one presented in the current action; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior litigation, and (4) the party against whom the doctrine is invoked had a full and fair opportunity to litigate the issue in the prior action."  *Id*. (citing *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009)); *see Sibert v. Phelan*, 901 F. Supp. 183, 187 (D.N.J. 1995) (finding issue preclusion appropriate where judge previously decided issue on suppression motion); *see also Searing v. Hayes*, 684 F.2d 694 (10th Cir. 1982); *see also Jackson v. Loftis*, 189 F. App'x 775, 779, n.3 (10th Cir. 2006) (unpublished) (noting that many cases reflect the basic notion that a conviction, by plea or trial, that establishes probable cause for arrest is conclusive on the issue in later civil rights litigation).

Plaintiff is directed to show cause why his case should not be dismissed as premature.  To the extent Plaintiff challenges the validity of his sentence or conviction in his criminal case, his federal claim must be presented in habeas corpus.  The case is still pending and therefore a petition for habeas corpus is premature.  Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his

conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).

### IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** that Plaintiff is granted until **February 23, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of January, 2018.**


                                        <u>s/ Sam A. Crow</u>
                                        **Sam A. Crow**
                                        **U.S. Senior District Judge**